JOHNSON, Judge.
This is an appeal from an Order denying the appellant’s petition for dissolution of marriage and dismissing the same.
The material facts, to which we think we must relate the action of the trial court *475 and the decision of this Court, are as follows :
The parties were married on January 27, 1973, and separated on February 5, 1973. Petition for dissolution of marriage was filed on February 7,1973.
 In order that we can get the gist of what might or might not be the underlying reason for this marriage in the first place and the resultant attempt of dissolution of the marriage just 9 days later, we need to read the answer of appellee wherein she alleges that appellant knew in advance that she was drawing alimony payments of $200.00 per month from her former husband, which would be terminated by remarriage. Also, it appears from the question by defense counsel (although the plaintiff denied it) that there was some skulduggery between the appellant and the former husband — the indication being that maybe the appellant had some understanding about just how the appellee could be cut off of alimony from her first husband and not be married long enough to the appellant to warrant the court awarding ap-pellee alimony on the second marriage. This could have also entered the mind of the trial court. There is definitely no competent evidence from which the trial court could determine at that time that the marriage was irretrievably broken, other than the appellant’s statement to that fact. We feel, and so hold, while there are some sketchy guidelines for the trial court to follow, we hold under the decision of this Court in Riley v. Riley, 271 So.2d 181 (Fla.App. 1st, 1973) that the trial court was in error in completely dismissing the petition rather than continuing the case with directions from the court to each party to attempt to reconcile for at least 90 days. If at that time the trial court finds that the attempts have been made with no results, then, under the new statute, we think the Court would have no choice other than to grant the petition, provided there is no stronger evidence of conspiracy from between the first and second husband. If the conspiracy is shown to exist, then we' think the trial court would be proper in awarding alimony to the appellee in the same amount she lost as a result of her second marriage.
Reversed and remanded for further proceedings, provided there is no conflict with the suggestions in this Opinion.
SPECTOR, Acting C. J., concurs.
BOYER, J., dissents.