PER CURIAM.
Appellant-wife, Kathryn Lanes, appeals the trial court’s denial of her motion for relief from a final judgment of dissolution. We reverse.
Appellee-husband, Daniel Lanes, filed a petition for dissolution in November, 1982. Mrs. Lanes did not respond with an answer because her husband assured her that he was not serious about the divorce and that they could reconcile their differences. In fact, the couple continued to live together, with minor interruptions, 'at least until May, and possibly through mid-July of 1983. On one occasion, the wife consulted with an attorney while the reconciliation attempt was suspended in late January or early February, 1983. The wife and her counsel discussed the need to file an answer. However, the husband and wife reconciled again in mid-February and, consequently, the wife’s failure to file responsive pleadings went uncorrected.
In June of 1983, the husband reactivated the dissolution action by sending a notice to the wife’s attorney. The husband did not inform his wife of the suit’s reactivation. Moreover, a letter to the wife from her attorney, which disclosed the reactivation, was inexplicably misaddressed. Thereafter, the trial court entered a default and final judgment of dissolution which awarded the wife custody of the minor child and nominal child support. The date of the final judgment of dissolution was July 1, 1983.
The wife learned of the final judgment of dissolution shortly after its entry. On August 22, 1983, she filed a motion for relief from judgment pursuant to Rule 1.540(b), Fla.R.Civ.P., and asserted that she did not know of the suit’s reactivation and did not receive notice of the final hearing. She also alleged that she was entitled to a substantial financial settlement and possession of the marital residence during the child’s minority. Although the trial court increased the child support award, it denied the wife’s motion for relief from judgment.
The combination of these events: (1) the husband’s repeated assurances to wife that he would not attempt to obtain a divorce, (2) the parties’ apparent, albeit some times rocky, attempt to reconcile (which is favored by the law, see Little v. Little, 298 So.2d 474, 475 (Fla. 1st DCA 1974); Riley v. Riley, 271 So.2d 181 (Fla. 1st DCA 1972); § 61.001(2)(a), Fla.Stat. (1983)), (3) the informal but nonetheless real abatement of the action between November, 1982, and June, 1983, and (4) the misdirection of the attorney’s letter informing the wife of the suit’s reactivation, deprived the wife of “her day in court.” Under these circumstances, the wife sustained her burden of demonstrating a “mistake” as contemplated in Rule 1.540(b) and, thus, her entitlement to relief from judgment. The trial court abused its discretion in failing to grant that relief. See Barry v. Barry, 324 So.2d 644 (Fla. 4th DCA 1976).
Accordingly, the default and final judgment of dissolution are vacated and the cause is remanded for further proceedings.
ANSTEAD, C.J., and LETTS and HURLEY, JJ., concur.