ANSTEAD, Judge.
This is an appeal from an order denying a motion to vacate and set aside a final judgment after default in a paternity action. We reverse.
Judith Mahoney filed a complaint on September 17, 1986 alleging that Tim Gahagen was the father of her child bom out of wedlock. Default judgment was entered against Tim exactly 30 days later by the clerk of the court on October 16. Judith filed a motion for final judgment after default in February 1987, and the court entered final judgment in March. In April Tim filed a motion to vacate and set aside the default and final judgment, attaching three affidavits, his own, his mother’s, and his attorney’s. Tim’s motion was denied with prejudice and this appeal ensued.
The facts as presented in the three affidavits submitted by Tim are undisputed in the record. Those facts reflect that he received notice of the suit, as his mother was served at their Pompano Beach address. Soon thereafter, Tim contacted an attorney, Gary Esler, requesting his representation. Tim then spoke at length with Judith, who assured him she would drop the lawsuit. Tim then told Mr. Esler that his services were no longer needed. Towards the end of September 1986, a week or so after the complaint was filed, Tim moved to Chicago, and his family moved to Atlanta. Default was subsequently entered against Tim without notice by the appellee or by the clerk, since Tim had failed to file or serve any paper. Copies of Judith’s February 1987 motion for final judgment and notice of hearing were sent to Tim’s old Pompano Beach address, where he no longer resided, and also to the New Orleans’ address of a friend of Tim’s. Tim asserts he never lived at the New Orleans address and that he received no notice of the hearing. The lower court then entered final judgment after default, finding that Tim was the father of Judith's child and ordering him to pay child support and Judith’s medical expenses. Tim then moved to vacate the default and final judgment, alleging excusable neglect and a meritorious defense. His specific undisputed statements are that:
1. He failed to file a paper or plead after notice of the complaint because of Judith’s assurances that she would drop the lawsuit.
2. Judith admitted to him that she had sexual intercourse with at least two other men during the months of October, November, and December 1984.
3. Tim did not have sexual intercourse with Judith after October 1984.
4. The complaint states the child was bom July 21, 1985.
5. The child was six weeks premature, actually due September 1, 1985, putting conception around December 1, 1984.
6. Tim, therefore, could not be the child’s father as he did not have intercourse with Judith after October 1984. Tim also stipulated at the hearing on his motion to vacate that he would willingly undergo at his own expense the necessary blood tests to determine paternity. Importantly, it is undisputed that Judith presented no evidence at the hearing.
Florida Rule of Civil Procedure 1.540(b) provides that mistake or excusable neglect, inter alia, may be grounds for relief from a final judgment. It is within the trial court’s discretion to grant relief upon a showing of a meritorious defense and a legal excuse for failure to comply with the rules. Winter Park Arms, Inc. v. Akerman, 199 So.2d 107 (Fla. 4th DCA 1967); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980). The facts of each case are of singular importance in determining whether or not relief under Rule 1.540(b) should be *1127 Edwards v. City of Fort Walton granted. Beach, 271 So.2d 136 (Fla.1972).
Two cases cited by appellant appear directly on point. In Lanes v. Lanes, 454 So.2d 782 (Fla. 4th DCA 1984), the wife failed to file an answer to the dissolution petition because the husband assured her he would not pursue the divorce. This court held that denial of the wife’s motion to vacate the default and final judgment was an abuse of discretion, as the wife had demonstrated a “mistake.” Rubenstein v. Richard Fidlin Corp., 346 So.2d 89 (Fla. 3d DCA 1977) also held that where plaintiffs misled defendants into thinking responsive pleadings were unnecessary (due to ongoing settlement negotiations), that it was unconscionable for plaintiffs to take advantage of the situation by obtaining a default and it should have been set aside.
Here, it appears from the undisputed affidavits that Judith assured and misled Tim into “mistakenly” thinking she would drop the suit. Furthermore, and most importantly, Tim’s motion to vacate presents an obviously meritorious defense. The undisputed allegations raised in his motion appear to render it factually impossible for him to be the child’s father. Judith did not even attempt to dispute Tim’s assertions in the trial court. Considering the importance and sensitive nature of the issues involved in a paternity action and the undisputed statements in the affidavits filed in support of appellant’s motion to vacate the default and final judgment, we believe the trial court abused its discretion in denying said motion under the case law set out above.
Accordingly, we reverse and remand with directions that the final judgment and default be set aside and the appellant allowed an appropriate time to respond to the appellee’s complaint.
LETTS and GUNTHER, JJ., concur.