519 So.2d 1104 (1988)
Rafael PEREZ, Appellant,
v.
Elizabeth PEREZ, Appellee.
No. 87-1203.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Karlan & Gerson and Charlotte Karlan, Miami, for appellant.
Mark Friedman, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
The judgment of dissolution entered after hearing following the entry of a default is reversed in its entirety for numerous reasons, of which the most prominent are (a) the failure of the complaint to allege that either party was a resident of Florida for the statutory period deprived the court of jurisdiction over the subject matter of the cause, Beekman v. Beekman, 53 Fla. 858, 43 So. 923 (1907); Gredler v. Gredler, 36 Fla. 372, 18 So. 762 (1895); (b) the appellant husband's failure to receive notice of the hearing deprived him of the basic requirements of due process, Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987); Heritage Casket & Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983); see also Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); Matthews v. Matthews, 376 So.2d 484 (Fla. 3d DCA 1979); (c) that portion of the judgment granting "custody" of the parties' child was plainly erroneous both because the complaint did not comply with section 61.1308 or 61.132, Florida Statutes (1985), and because the relief granted was not sought in the complaint and therefore could not be awarded in a proceeding by default, Hernandez v. Hernandez, 444 So.2d 35 (Fla. 2d DCA 1983), pet. for review denied, 451 So.2d 848 (Fla. 1984); see also Williams v. Williams, 227 So.2d 746 (Fla. 2d DCA 1983); and (d) the award of the husband's interest in the marital home to the wife was similarly not supported by any such demand in the complaint.
Reversed.