534 So.2d 893 (1988)
Tommy Junior WEST, Appellant,
v.
Rejina Reba WEST, Appellee.
No. 87-1719.
District Court of Appeal of Florida, Fifth District.
December 8, 1988.
Gail L. Golda and Victor O. Mead, of Horvath and Mead, Orlando, for appellant.
Jeff B. Clark of Peed and Clark, P.A., Orlando, for appellee.
ORFINGER, Judge.
Tommy Junior West (husband) appeals from a final judgment dissolving his marriage to appellee, and the order denying his motion for rehearing and to set aside default and final judgment of dissolution.
Appellee wife filed a petition requesting dissolution of the marriage, alimony, attorney's fees and equitable division of the *894 parties' marital property. Husband was personally served with the petition for dissolution as well as an emergency temporary restraining order on May 6, 1987. Husband did not file a responsive pleading to the petition and wife applied for and obtained a clerk's default on June 17, 1987.
After final hearing, of which no notice had been given the husband because of the previously entered default, the court entered a final judgment dissolving the marriage, and awarding the wife permanent periodic alimony, $500 in attorney's fees, and dividing the marital assets. Husband was served with a copy of the final judgment on August 28, 1987.
Husband timely filed a motion for rehearing and to set aside the default and final judgment, claiming excusable neglect in that he did not respond to the petition because he believed he and his wife were reconciling and wife had told him she would take care of the matter, i.e., that the action would be dropped. Husband further asserted fraud on the part of wife. He asserted that he had a meritorious defense as to the awards made to his wife, including inability to pay the alimony or attorney's fees. An evidentiary hearing on the motion was held with both parties testifying.
Although the husband testified that he believed the parties were reconciling because they had taken a trip together after he had been served, and that the wife had told him not to worry about the divorce because she was going to drop the entire matter (as she had done several years earlier), the wife disputed and denied this testimony. She testified that after the trip she had served on the husband by certified mail a proposed property settlement agreement and that a restraining order was served on the husband approximately four days prior to the final hearing, all of which, she contended, was evidence sufficient to demonstrate to him that she had no intention of reconciling or dropping the divorce action. After hearing conflicting testimony, the trial court denied the motion for rehearing and denied the request to set aside the default and final judgment.
Florida Rule of Civil Procedure 1.540(b) provides that among other things, fraud and excusable neglect are grounds for relief from a final judgment. Insofar as fraud is concerned, husband cites a number of decisions for the proposition that a party will be relieved from a default judgment where fraud and trickery were employed in obtaining the judgment. These cases are inapplicable here because (a) the trial court did not find wife committed fraud or trickery, and (b) the evidence is at best conflicting on the matter. The trial court implicitly ruled against husband on this point in denying the motion and its conclusion is supported by the record. Disputed issues of fact are to be resolved by the trial court, not on appeal.
As to excusable neglect, it is within the trial court's discretion to grant relief from a default judgment upon a showing of a meritorious defense and a legal excuse for failure to comply with the rules. Gahagen v. Mahoney, 511 So.2d 1125 (Fla. 4th DCA 1987); Tire Kingdom, Inc. v. Bowman, 480 So.2d 221 (Fla. 5th DCA 1985); Canney v. Canney, 453 So.2d 179 (Fla. 2d DCA 1984). On appeal, the question is not whether the reviewing court would have found excusable neglect had it been in the position of the trial court but rather whether the denial of the motion constituted a gross abuse of discretion. Rhines v. Rhines, 483 So.2d 4 (Fla. 2d DCA 1985). In Rhines the court, in affirming the trial court, declared:
Of course, no abuse of discretion generally exists when "reasonable men could differ as to the propriety of the action taken by the trial court ..." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980). We believe that reasonable men could differ as to whether the husband's conduct constituted excusable neglect. A fortiori, we cannot say that there was a gross abuse of discretion by the trial court.
483 So.2d at 4. Because there is competent, substantial evidence to support the trial court's conclusion, we cannot say that there was a gross abuse of discretion here.
*895 The husband contends that the alimony and attorney's fees awards are in the nature of unliquidated damages and that under the line of cases represented by Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983)[1] he was entitled to notice of the final hearing, and that the lack of such notice deprived him of due process. In support of that argument he cites Perez v. Perez, 519 So.2d 1104 (Fla. 3d DCA 1988), but that case is not supportive of the husband's argument for several reasons. First and foremost, the judgment in Perez was set aside because the court lacked subject matter jurisdiction of the dispute. Without subject matter jurisdiction, the judgment had to be set aside. The reference in Perez to the need to receive notice of the hearing recites no facts, so it is impossible to relate that case to the issues here. Moreover, the cases cited for reversal on that point are all distinguishable from the issues here. Buffington v. Torcise, 504 So.2d 490 (Fla. 3d DCA 1987) involved the assessment of unliquidated damages in a contract dispute, as did Bowman v. Kingsland Development, Inc., supra. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957) and Matthews v. Matthews, 376 So.2d 484 (Fla. 3d DCA 1979) both involved orders entered without proper pleadings or an opportunity to be heard. Heritage Casket and Vault Ind., Inc. v. Sunshine Bank, 428 So.2d 341 (Fla. 1st DCA 1983) did not involve a default, but was reversed because of the failure to give the defendant notice of trial. None of these cases is apposite here. Neither alimony nor the award of attorney's fees in a dissolution case constitute "unliquidated damages," and when properly pleaded in the complaint and proved at the final hearing, may be awarded against the personally served and defaulted spouse without further notice of trial. See Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3d DCA 1964); 26 Fla.Jur.2d, Family Law, § 638, p. 277.
AFFIRMED.
SHARP, C.J., and COBB, J., concur.
NOTES
[1] The continued viability of Bowman on the issue of notice to a defaulted defendant on plaintiff's claim for attorney's fees is seriously in doubt in the light of the more recent decisions in Cheek v. McGowan Electric Supply Co., 511 So.2d 977 (Fla. 1987); Parham v. Price, 499 So.2d 830 (Fla. 1986); and Finkelstein v. North Broward Hospital District, 484 So.2d 1241 (Fla. 1986). In Cheek, the supreme court held that attorney's fees are not recoverable as part of damages, but are ancillary to the damage claim. Moreover, in Finkelstein, the supreme court explained that attorney's fees in a dissolution of marriage case are not awarded as damages, do not depend on the claiming spouse being the prevailing party, but "are intended to equalize the relative position of the parties and are part of the `property' to be distributed in the final decree." Prior to the amendment of Florida Rule of Civil Procedure 1.440(c), effective January 1, 1977 (In re the Florida Bar, Rules of Civil Procedure, 339 So.2d 626 (Fla. 1976)) requiring that notice of trial be given a defaulted defendant where claims for damages are unliquidated, no such notice was required. Stevenson v. Arnold, 250 So.2d 270 (Fla. 1971). Because the current rule speaks only in terms of "unliquidated damages" and since an award of attorney's fees is not an award of damages, the rule should have no application to such an award. Alternatively, if, as we all conclude here, no notice is required to be given to a defaulted spouse on the request for alimony and the division of marital assets, then similarly, no notice is required to be given the defaulted spouse on the request for distribution of "property" in the form of attorney's fees.