698 So.2d 397 (1997)
Lyle KOCHINSKY, Appellant,
v.
Colleen MOORE, Appellee.
No. 97-1034.
District Court of Appeal of Florida, Fourth District.
August 27, 1997.
*398 Lisa Marie Macci, Boca Raton, for appellant.
Robert S. Norell of Robert S. Norell, P.A., Fort Lauderdale, for appellee.

EN BANC
WARNER, Judge.
The father/appellant challenges an order awarding temporary custody of the minor child to the mother/appellee, claiming that the court was without jurisdiction to enter such an order because the appellee failed to file a Uniform Child Custody Jurisdiction Act ("UCCJA") affidavit pursuant to section 61.132, Florida Statutes (1995). We agree and reverse.
This action commenced as a paternity suit. The mother and father of the two year old child had lived together in Florida until February of 1996 when the mother removed herself and the child to Virginia. She then commenced a paternity action against the father in Florida, requesting an order of paternity and child support. In December of 1996, the father filed a counterclaim requesting shared parental responsibility and primary residential custody of the child. His counterclaim contained the essential information required by section 61.132, commonly referred to as part of the UCCJA. The mother filed an answer to the counterclaim, denying many of the allegations, including some of the information required by section 61.132.
The father then requested an order of paternity and immediate visitation. A hearing was set, which the trial court limited solely to the issue of visitation. After hearing evidence from the parties and a psychologist, the trial court granted visitation to the father in Virginia, and upon oral motion by the mother, the court granted her temporary custody of the child. The father appeals this order.
The UCCJA was adopted in Florida and most other states to prevent jurisdictional competition and conflict between the courts of other states in child custody matters. § 61.1304(1), Fla. Stat. (1995). When the court of another state enters a decree in conformity with the UCCJA, it is entitled to full recognition and enforcement in this state. § 61.1328, Fla. Stat. (1995). Conversely, the decree of a court in this state in full compliance with the terms of the UCCJA is entitled to enforcement in the courts of other states. This respect of the decrees of other states, entered in conformance with the UCCJA, avoids divisive custody battles between states.
In order to ensure that the decrees of this state are honored in the courts of other states, it is essential that the requirements of the UCCJA are met. Otherwise, a sister state's court is not obligated to recognize and enforce the decree, just as our courts are not required to recognize the custody decree of a state which has not assumed jurisdiction under statutory provisions substantially in accordance with the UCCJA as adopted in Florida. § 61.1328.
The requirement of a UCCJA affidavit is mandatory:
(1) Every party in a custody proceeding, in his or her first pleading, or in an affidavit attached to that pleading, shall give information under oath as to the child's present address, the places where the child has lived during the last 5 years, and the names and present addresses of the persons with whom the child has lived during that period. In this pleading or affidavit every party shall further declare under oath whether:
(a) The party has participated as a party or witness or in any other capacity in any other litigation concerning the custody of the same child in this or any other state;
(b) The party has information of any custody proceeding concerning the child pending in a court of this or any other state; and
(c) The party knows of any person not a party to the proceedings who has physical custody of the child or claims to have custody or visitation rights with respect to the child.
(2) If the declaration as to any of the above items is in the affirmative, the declarant shall give additional information under oath as required by the court. The court may examine the parties under oath *399 as to details of the information furnished and as to other matters pertinent to the court's jurisdiction and the disposition of the case.
(3) Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state of which he or she obtained information during this proceeding.
§ 61.132 (emphasis added).
In Walt v. Walt, 574 So.2d 205, 212 (Fla. 1st DCA 1991), the court held that "an unexcused failure to file the information required by section 61.132 leaves the court without jurisdiction to enter a valid child custody order under the UCCJA." The compliance with the requirements of section 61.132 is mandatory. See also Perez v. Perez, 519 So.2d 1104, 1104 (Fla. 3d DCA 1988).
The UCCJA governs the issue of shared parental responsibility and custody in paternity proceedings. See Yon v. Fleming, 595 So.2d 573, 577 (Fla. 4th DCA 1992). To the extent that Notarfonzo v. Kline, 464 So.2d 656, 657-58 (Fla. 4th DCA 1985), can be read for the proposition that the UCCJA does not apply to custody and shared parental responsibility issues in a paternity action, we recede from it. The UCCJA by its very terms applies to "custody proceedings" which "includes proceedings in which a custody determination is one of several issues, such as an action for dissolution of marriage or separation, and includes child neglect and dependency proceedings." § 61.1306(3), Fla. Stat. (1995). It also applies to a custody determination which includes orders regarding the custody of a child, "including visitation rights." § 61.1306(2). While the paternity statute itself does not discuss or include the determination of custody or shared parental responsibility issues within its terms, in Brown v. Bray, 300 So.2d 668, 669-70 (Fla. 1974), the supreme court construed the language of section 742.031 and section 742.06. It determined that those statutes authorized a custody order as the equity and justice of the matter may require, "inasmuch as a child in a Chapter 742 situation is similarly a ward of the court as in the case of a child in a dissolution of marriage situation." Id. at 670. Thus, the court placed a paternity determination of custody on the same footing as a determination of custody in a dissolution of marriage. Moreover, we have held that the shared parental responsibility law, section 61.13(2)(b)(2), Florida Statutes, is applicable to non-married parents notwithstanding the fact that the paternity statute does not so provide. Race v. Sullivan, 612 So.2d 660, 661 (Fla. 4th DCA 1993). Thus, we have applied chapter 61 to paternity cases where the issues of the physical residence and parental responsibility are concerned. There is every reason to also apply the UCCJA to paternity actions. It is not unthinkable that there may be an interstate custody battle in a paternity action in which orders from sister states may be required to be enforced.
In this case, with the mother in Virginia and the father in Florida, the potential for an interstate conflict exists. Therefore, compliance with the requirements of the UCCJA is essential to creating an enforceable order which will be honored by both states. The filing of a UCCJA affidavit is a prerequisite to obtaining an enforceable order. Thus, even though it was "plain as the nose on everyone's face that the child resides with her motherthe mother has primary physical residence of the child," as the court noted, the issue is not the merits of the determination but the enforceability of the order. The mother's request for temporary custody should have been accompanied by a UCCJA affidavit or pleadings which incorporate the necessary information under oath.
During the pendency of this appeal, the mother filed a UCCJA affidavit. The filing of the affidavit after the entry of the order does not cure the jurisdictional defect created. This order is defective for lack of compliance with section 61.132 and may not be enforced in other states. In order to ensure enforceability under the UCCJA, the orders of both temporary custody and visitation must be reversed and remanded. While the court may conduct further proceedings, our opinion does not require them. The court may consider the UCCJA affidavit and enter temporary orders on custody and visitation without further hearings.
*400 We find no error in the other issues raised by appellant.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.