884 So.2d 150 (2004)
Delana RUBLE, Appellant,
v.
Raymond J. RUBLE, Appellee.
No. 2D03-3251.
District Court of Appeal of Florida, Second District.
July 21, 2004.
Rehearing Denied September 9, 2004.
*151 Gary A. Urso, New Port Richey, for Appellant.
Raymond J. Ruble, pro se.
KELLY, Judge.
Delana Ruble (the wife) appeals from an order denying her motion to vacate a final judgment of dissolution of marriage. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). The wife's motion challenged the portion of the final judgment that granted custody of the parties' child to her former husband, Raymond J. Ruble (the husband). We conclude that the wife was entitled to relief from the judgment because the husband failed to comply with the Uniform Child Custody Jurisdiction Act (UCCJA) and because he failed to request custody of the child in his pleadings. Accordingly, we reverse.
The husband filed a petition for dissolution of marriage in December 1998. He did not request custody in his petition. The wife filed her counterpetition in February 1999, requesting primary custody of the child, child support, temporary support, and restricted visitation for the husband. At that time, the wife and the child were residing in Redding, California. Neither party took any action in the dissolution proceedings for over two years. Then, in April 2001, the husband requested an emergency hearing seeking temporary custody of the parties' child. His motion alleged that the wife was moving around the country in an effort to secret the child from him and to deny the child any contact with the husband's family.
In October 2001, the court awarded temporary custody of the child to the husband. The court also scheduled a final hearing and ordered the husband to notify the wife of the hearing. The husband made some effort to locate the wife in California. When his mail was returned undelivered, he published a notice of hearing in Shasta County, California. However, the wife had since relocated to Oregon.
In November 2002, following a hearing conducted in the wife's absence, the court entered a final judgment of dissolution of marriage granting sole custody of the child to the husband. The final judgment made no findings of fact regarding the best interest of the child. Shortly after the final judgment was entered, the husband located the wife and child in Oregon, took custody of the child, and returned with him to Florida.
The wife filed an emergency motion for relief from judgment in January 2003. The motion alleged that the husband had perpetrated a fraud upon the court by alleging that he did not know the whereabouts of the wife and the child. The matter went to hearing in February 2003. Judge Amy Williams denied the wife's request to vacate the final judgment. The hearing was not transcribed and the wife did not appeal that order.
On February 26, 2003, the wife filed another emergency motion for relief from judgment. In an order dated June 9, 2003, Judge Mark Shames found that many of the matters alleged in the motion had been alleged in the wife's first motion and that Judge Williams had apparently considered and rejected those matters. The court found that only two issues were not raised in the first motion: that the husband failed to request custody in his pleadings and that the court lacked jurisdiction *152 because the husband failed to file a UCCJA affidavit as required by section 61.132(1), Florida Statutes (1997)[1].
The court agreed that the husband never requested custody of the child in his pleadings. The court further agreed that no UCCJA affidavit was filed at the time of the petition for dissolution of marriage or at any time before the entry of the final judgment. The court nevertheless concluded that it had jurisdiction over the parties and their child and that "under the circumstances previously set forth," it would not set aside the final judgment of dissolution. The "circumstances" were that the wife knew there was a pending civil action in Florida and she failed to keep the court apprised of her address. We disagree with the trial court's conclusion.
Section 61.132(1) requires every party in a custody proceeding in his or her first pleading or in an affidavit attached to that pleading to give information under oath concerning the child's custodians and residences during the past five years and any other proceedings involving the custody of the child. The husband gave none of the above information in his petition filed in 1998, nor at any time before the final judgment was entered. The failure to provide this sworn evidence deprives the court of subject matter jurisdiction and renders the custody provisions of the final judgment unenforceable. See Kochinsky v. Moore, 698 So.2d 397 (Fla. 4th DCA 1997) (holding that compliance with the affidavit requirements of the UCCJA is mandatory). "The filing of the affidavit after the entry of the order does not cure the jurisdictional defect created." Id. at 399. Without that affidavit, the husband did not obtain an enforceable order.
The husband argues that the wife admitted in her counterpetition that the court had jurisdiction. However, although the court may have had personal jurisdiction over the husband and the wife to grant the divorce, the court did not have subject matter jurisdiction over the custody proceedings under the UCCJA. Subject matter jurisdiction is conferred upon a court by the constitution or by statute and cannot be created by waiver, acquiescence or agreement of the parties. See Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995). Therefore, the wife's acquiescence is irrelevant to the analysis of whether the court had subject matter jurisdiction. The lack of subject matter jurisdiction can be raised as a defense at any time, even on appeal. Fla. R. Civ. P. 1.140(h); Gonzalez v. Gonzalez, 654 So.2d 257 (Fla. 3d DCA 1995).
The trial court also erred in refusing to set aside the final judgment because the husband had never requested permanent custody in his petition. See McDonald v. McDonald, 732 So.2d 505 (Fla. 4th DCA 1999) (holding that it is reversible error to grant relief not sought by the pleadings). The husband argues that although his petition did not request custody, his motion to have custody matters determined by mediation raised the issue. This motion was insufficient to put the wife on notice that she was in danger of losing custody of her son. Further, although the husband subsequently moved for temporary custody of the child, he never amended his petition to request permanent custody.
*153 Accordingly, we reverse and remand for further proceedings. On remand the trial court, in determining the child's primary residence, must consider the best interest of the child in light of his present circumstances and make its findings known in the order awarding custody.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Section 61.132, Florida Statutes, was repealed by chapter 2002-65, section 7, at 870, Laws of Florida, effective October 1, 2002. That section has been replaced by section 61.522, Florida Statutes.