COPE, J.
This is an appeal of a final judgment terminating the parental rights of the mother, C.T. We affirm.
The Department filed a petition for termination of the mother’s parental rights to her five children, C.T., D.G., T.T., B.W., and C.W. After a bench trial, the trial court found the petition to be proven under paragraphs 39.806(l)(c), (f), and (g), Florida Statutes (2008). The trial court found, among other things, that “the evidence is clear and convincing that the Mother abused [D.G.] and [C.T.] repeatedly and such abuse constitutes egregious abuse.”
With regard to the remaining three children, T.T., B.W., and C.W., the trial court relied on paragraph S9.806(l)(f), Florida Statutes, which provides that a ground for termination exists when “[t]he parent ... engaged in egregious conduct .... that threatens the life, safety, or physical, mental, or emotional health of the child or the child’s sibling.” (Emphasis added). The court concluded that a ground for termination existed with respect to T.T., B.W., and C.W., because the trial court had found the mother had committed egregious abuse of D.G. and C.T.
In addressing this issue, the trial court said:
k. The Court is governed by the Third District Court of Appeal’s ruling in T.P. v. DCF, 935 So.2d 621 (Fla. 3d DCA 2006), that Section 39.806(l)(f), Florida Statutes, provides a mechanism for protecting children from the threat of abuse in that it permits the trial court to terminate parental rights to a child who has suffered egregious abuse, and to any siblings of such child. It appears that pursuant to the Third District Court of Appeal’s ruling, the egregious abuse directed .at one sibling is sufficient, without more, to support the termination of parental rights to another sibling. If this is the case, the Court seems to require the trial judge to terminate rights to the other children even in the absence of proof of prospective abuse of the other children. It is on that basis alone, that this court terminates the parent’s rights to the three children...
[[Image here]]
... This court is concerned that the Court’s opinion in T.P. v. DCF, raises issues of the constitutionality of the statute as construed by the Court. Hopefully the Court will clarify their opinion for the guidance the trial bench and bar.
As we interpret the trial court’s question, the court is asking whether, once the Department proved egregious abuse of C.T. and D.G., termination must be auto *854 matic with regard to the siblings, T.T., B.W., and C.W. We believe the answer to that question is actually contained within the T.P. decision itself.
Each termination case involves three questions: (1) Does a ground for termination of parental rights exist? See § 39.806, Fla. Stat. (2008). (2) Is termination in the manifest best interest of the child? See id. § 89.810.(3) Is termination the least restrictive means of protecting the child from harm? See Padgett v. Dept. of Health and Rehabilitative Servs., 577 So.2d 565, 571 (Fla.1991); see also Fla. Dept. of Children and Families v. F.L., 880 So.2d 602, 609-11 (Fla.2004).
This court’s opinion in T.P. primarily addressed the text and rationale for paragraph 39.806(l)(f), Florida Statutes, which provides that egregious abuse directed at one sibling is a ground for termination of parental rights as to another sibling. T.P., 935 So.2d at 624-25. That analysis relates to question (1), whether a ground for termination exists. The T.P. court then went on to address questions (2) and (3). The T.P. panel stated, “The trial court’s determination that it was in the manifest best interest of the children to terminate the father’s parental rights, and that there were no less restrictive means to protect the children, is supported by substantial competent evidence.” Id. at 625. As demonstrated by T.P., finding that a ground for termination exists is the first question, but the other two questions must also be addressed: manifest best interest and least restrictive means.
The T.P. panel relied on the Fifth District’s opinion in Dept, of Children and Families v. B.B., 824 So.2d 1000, 1007 (Fla. 5th DCA 2002). As pertinent here, the Fifth District has said, “In short, under the statute [paragraph 39.806(l)(f) ], the egregious sexual abuse of A.B. would be independent statutory authority for termination of parental rights to other children, assuming, of course, the ‘manifest best interests’ requirement for parental rights’termination is met.” Id.*
While the trial court erred in saying that termination was automatic upon establishing egregious abuse of a sibling, the error was harmless. In the judgment, the trial court properly included a segment entitled “manifest best interests.” That analysis states in part:
c. The Mother does not have the capacity to care for the Children to the extent that their safety, well-being, and physical and emotional health will not be endangered upon their return to the Mother’s home. The Mother[’]s char-acterological tendency to engage in violence toward her children, despite the provision of services, demonstrates that the Children cannot safely return to the Mother. The Mother’s uncontrolled, violent tendencies indicate that she does not have the capacity to safely care for her Children. This factor, by far, is the most overriding consideration in this case: the Children cannot be returned to a Mother who does not have the capacity to prevent their re-entry into the system whether by direct abuse or by abandonment.
The judgment goes on to say that “there are no less restrictive means legally avail *855 able to establish permanency under section 39.621, Florida Statutes, other than termination of parental rights for the adoptive placement.” This analysis appropriately supports the termination judgment.
In support of the trial court’s ruling, the Department also relies on Florida Department of Children and Families v. F.L., 880 So.2d at 610. In that case the Court wrote about an analogous ground for termination, paragraph 39.806(l)(i), Florida Statutes, which states that it is a ground for termination that “[t]he parental rights of the parent to a sibling of the child have been terminated involuntarily.” In addressing least restrictive means, the Court said that prior history was highly relevant. “Specifically, if the parent’s conduct that led to the involuntary termination involved egregious abuse or neglect of another child, this will tend to indicate a greater risk of harm to the current child.” 880 So.2d at 610. “A very recent involuntary termination will tend to indicate a greater current risk.” Id.
In the present case the trial court addressed the appropriate factors and the judgment is supported by the record. The termination of parental rights is affirmed.

 Although not an issue here, another portion of the B.B. decision discusses the rebuttable presumption that the Fifth District had recognized in termination cases. Id. at 1007-08 (discussing A.B. v. Dept. of Children and Families, 816 So.2d 684 (Fla. 5th DCA 2002)). The Florida Supreme Court disapproved A.B.'s rebuttable presumption in Florida Department of Children and Families v. F.L., 880 So.2d at 609. The rebuttable presumption as outlined in A.B. shifted to the parents the burden to show a lack of substantial risk of harm to the current child.