PER CURIAM.
 

 In this private dependency action filed by the maternal grandparents, A.N.B., (“the mother”), appeals an order adjudicating her son, J.N., dependent. J.N. was nineteen days short of his seventeenth birthday when the order was entered on June 7, 2010. A.N.B. claims: (1) that there was insufficient evidence to support the trial court’s finding of dependency; (2) that the trial court improperly based its ruling on the child’s preference; and (3) that the trial court improperly excluded her boyfriend as a witness. We affirm.
 

 With respect to the first issue, while we agree that the trial court’s findings regarding abuse and abandonment fall short, its finding of neglect is fully supported by the record. In addition, A.N.B. fails to challenge a fourth ground for dependency — that there was no parent capable of supervision and care — and the evidence supports a dependency finding on this issue as well.
 
 See C.D. v. Dep’t of Children and Families,
 
 816 So.2d 1229 (Fla. 5th DCA 2002) (affirming in part on ground that “a child can also be dependent if the child is found ‘to have no parent or legal custodians capable of providing supervision and care’ ” after trial court found that dependent teenage mother was unable to care for her child).
 
 [1]
 
 Because competent, substantial evidence supports two of the four dependency grounds alleged in the petition, we affirm as to this issue.
 

 With respect to the second issue, we agree that the child’s preference is not a valid basis for a finding of dependency, but this was not the sole basis for the court’s dependency finding. Rather, as discussed above, the dependency finding was based upon competent, substantial evidence of neglect, along with a finding that no parent was capable of supervising and caring for the child in the future.
 

 Finally, A.N.B. argues that the trial court erred in excluding her boyfriend as a witness at the dependency hearing. Although appellees concede that this evi-dentiary ruling was in error, the mother failed to proffer the proposed witness’ tes
 
 *1051
 
 timony below or explain its potential significance on appeal. Thus, she has failed to establish reversible error as to this point on appeal.
 

 AFFIRMED.
 

 LAWSON, EVANDER and COHEN, JJ., concur.
 

 [1]
 

 . Although the trial court did not separately list this ground in the order on appeal, it did find that all allegations in the dependency petition were proven, and this was one of the grounds alleged.