PER CURIAM.
 

 The mother, D.M., appeals an order adjudicating her daughter, A.B., dependent. We affirm the order without comment. However, we remand for the trial court to correct the order to reflect that the dependency adjudication of A.B. was based on the physical harm inflicted on D.O., A.B.’s half-sister, and the previous dependency adjudication of D.O., based thereon.
 

 In the order on appeal, the trial court mistakenly referred to the neglect of D.O. and the adjudication of dependency based thereon.
 
 [1]
 
 The record, however, shows that the mother consented to adjudicating D.O. dependent for physical abuse based on discipline and punishment that placed D.O. at prospective risk of harm.
 

 As properly conceded by the Department of Children and Family Services (“Department”), the order before us must be corrected because the dependency petition concerning A.B. did not allege neglect, nor did the evidence at the dependency hearing address the neglect of D.O. Instead, the petition alleged that A.B. should be found dependent as to her mother because A.B. was prospectively at significant risk of harm based on the mother’s physical abuse of D.O. and the previous dependency adjudication of D.O. for that harm.
 
 See
 
 § 39.01(15)(f), (32), Fla. Stat. (2009). At the hearing, the mother’s physical and emotional harm of D.O, the previous adjudication of dependency for that harm, and the prospective risk of such harm to A.B. was the subject of counsel’s argument, the witnesses’ testimony, the evidence presented, and the trial court’s oral ruling at the end of the hearing during which the court referred to the mother’s “consent language” in the dependency order as to D.O. and “all the circumstances surrounding the dependency” of D.O.
 

 Based on this record, the trial court relied on the correct law, made sufficient
 
 *1263
 
 findings concerning the physical harm inflicted on D.O. by her mother, and the previous adjudication of dependency of D.O. for that harm and properly concluded that the Department had proven by a preponderance of the evidence that A.B. was at prospective risk of imminent harm. Accordingly, the trial court’s reference to the neglect, and the adjudication of dependency of D.O. based thereon, rather than to the physical harm, and the dependency adjudication of D.O., on that basis, as to her mother, does not require reversal.
 
 See C.T. v. Dep’t of Children & Families,
 
 22 So.3d 852 (Fla. 3d DCA 2009) (holding that trial court error was harmless in stating that termination was automatic upon proof of abuse of sibling where court also addressed proper standard and the record supports the judgment);
 
 cf. A.N.B. v. Dep’t of Children & Families,
 
 54 So.3d 1049 (Fla. 5th DCA 2011) (holding that trial court properly found child dependent on two grounds even though findings on other grounds were insufficient). We, therefore, affirm the order and remand to the trial court for correction of the order.
 

 Affirmed and remanded with directions.
 

 [1]
 

 . The record shows that D.O. was adjudicated dependent as to J.O., her father, for neglect and prospective risk of harm.
 
 See
 
 § 39.01(15)(f), (32), (44), Fla. Stat. (2009).