KHOUZAM, Judge.
Michael L. Hirsch, the Former Husband, appeals a final judgment dissolving his marriage to Lillie Kay Hirsch, the Former Wife. Because it is unclear from the record whether the trial court had subject matter jurisdiction to order the Former Husband to change the beneficiary on his life insurance policy, we reverse and remand on that issue only. We affirm the final judgment of dissolution in all other respects.
During trial, the Former Husband testified briefly that he maintains a group life insurance policy acquired through his military service in the Army Reserve. He testified that at the time of trial he had named as the policy’s beneficiaries his children, his parents, and his fiancée. Although the existence, amount, and monthly cost of a life insurance policy were established through testimony, neither the *623 name nor the specific type of policy was provided. Furthermore, the policy was not entered into evidence. Other than this testimony, the only evidence in the record addressing the policy was pay stubs briefly referring to an unspecified military group life insurance policy.
At the conclusion of the trial, the court found that the Former Husband “does have a life insurance policy available to him at an extremely reasonable rate” and explained that it would be ordering him to maintain the policy and name the Former Wife as the beneficiary. The final judgment reflected that this was done pursuant to section 61.08(3), Florida Statutes (2011). The Former Husband neither objected to this order at trial nor moved for rehearing after the final judgment issued. Nevertheless, the Former Husband argues for the first time on appeal that the trial court lacked subject matter jurisdiction to interfere with his choice of beneficiary.[1] Because it is not clear from the record whether the trial court had subject matter jurisdiction to order the Former Husband to change the beneficiary designation of his life insurance policy, we reverse that portion of the order and remand for the trial court to conduct an evidentiary hearing addressing the issue and for further proceedings if necessary.
In 1965, Congress enacted the Service-members’ Group Life Insurance Act (SGLIA) in response to private commercial insurers restricting coverage for service members due to the Vietnam conflict. Ridgway v. Ridgway, 454 U.S. 46, 50, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). Today, the Act is codified at 38 U.S.C. §§ 1965-1980A (2012 & Supp.2013). Regarding beneficiaries, the Act provides that following the death of an insured, payment is to be made “[fjirst, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received pri- or to death (1) in the uniformed services if insured under Servicemembers’ Group Life Insurance-” 38 U.S.C. § 1970(a).
The SGLIA has been interpreted by the United States Supreme Court to “bestow upon the service member an absolute right to designate the policy beneficiary.” Ridgway, 454 U.S. at 59, 102 S.Ct. 49. Accordingly, due to the operation of the Supremacy Clause of the United States Constitution, state laws interfering with the right to designate the beneficiary under a qualifying policy are federally preempted. Id. at 60, 102 S.Ct. 49 (“[T]he controlling provisions of the SGLIA prevail over and displace inconsistent state law.”); see also Hillman v. Maretta, — U.S. -, 133 S.Ct. 1943, 1951-52, 186 L.Ed.2d 43 (2013) (applying the analysis in Ridgway to the Federal Employees’ Group Life Insurance Act of 1954 because it is “strikingly similar” to the SGLIA). The issue of federal preemption is a question of subject matter jurisdiction that may be raised for the first time on appeal. See Joe Nagy Towing, Inc. v. Lawless, 101 So.3d 868, 873 (Fla. 2d DCA 2012). Our review is de novo. See Sanchez v. Fernandez, 915 So.2d 192, 192 (Fla. 4th DCA 2005).
Here, it is undisputed that the trial court directed the Former Husband to change the beneficiary designation of his existing life insurance policy. However, it is unclear from the record whether the policy is one whose beneficiary designation *624 is protected under the SGLIA. The policy was not entered into evidence, nor does the record contain other evidence resolving the issue. We are therefore unable to determine whether this application of section 61.30(3) has been federally preempted by the SGLIA.
Consequently, we remand for an eviden-tiary hearing for the trial court to determine whether it had subject matter jurisdiction to order the beneficiary designation changed. If the court, after the evidentia-ry hearing, concludes that the existing beneficiary designation is protected by the SGLIA, then it cannot order the change. However, the trial court may nonetheless order the Former Husband to obtain an additional policy pursuant to section 61.08(3) if the trial court deems it appropriate under the circumstances.
Affirmed in part; reversed in part; remanded for further proceedings.
ALTENBERND and SLEET, JJ., Concur.

. As it pertains to life insurance, the Former Husband’s argument on appeal challenges only the trial court’s authority to order the beneficiary designation changed. Consequently, all other challenges to the life insur-anee order are deemed waived. See Ramos v. Philip Morris Cos., 743 So.2d 24, 29 (Fla. 3d DCA 1999) ("An error not raised in the brief is waived.”).