DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ORI AVRAHAM GORDIN** and **TERESA SHELLEY,** as personal
representatives,
Appellants,

v.

**ESTATE OF SHELLEY WILENSKY SHELLEY MAISEL,** a/k/a **SHELLEY
W. SHELLEY,** and **DANIEL W. SHELLEY,**
Appellees.

No. 4D14-2228

[November 25, 2015]

Appeal of a non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Peggy Gehl, Judge; L.T. Case No.
PRC14002380 (60).

Manuel Kushner of Kaye Scholer LLP, West Palm Beach, for appellants.

Janine Kalagher McGuire of Conrad & Scherer, LLP, Fort Lauderdale,
for appellees.

CONNER, J.

Ori Avraham Gordin and Teresa Shelley, as the personal
representatives of the estate of Shelley Wilensky, appeal the probate
court's order granting Daniel Shelley's petition to appoint a curator for the
estate. The personal representatives argue that the probate court erred in
appointing a curator without revoking their appointment as personal
representatives. We agree, and reverse.

*Factual Background and Trial Proceedings*

Daniel Shelley and Teresa Shelley are children of the decedent; Ori
Gordin is a grandson. The decedent died leaving a will appointing Gordin
as personal representative of his estate. After the decedent's death, Gordin
filed a petition for administration as the person chosen to serve as personal
representative by the decedent. The probate court entered an order
admitting the decedent's will to probate, and appointing Gordin and Teresa

Shelley as co-personal representatives. Theresa was appointed as co-personal representative because Gordin was on active duty in the military.

Daniel Shelley, the appellee, filed a petition for revocation of the will, claiming that: (1) the deceased was domiciled in Puerto Rico when he died, and under the laws of Puerto Rico, although the appellee was disinherited under the will, he was entitled to a "forced share" of the estate; (2) the decedent lacked testamentary capacity when he executed the will, and he did so under the undue influence of Teresa Shelley; and (3) the decedent had three previous wills, all executed in Puerto Rico. The following day, the appellee filed a petition for administration, seeking to admit one of the decedent's previous wills to probate and to appoint himself as the personal representative of the estate. The appellee also sought to have the probate administration transferred to Puerto Rico.

Subsequently, the appellee filed a motion to remove the personal representatives and to appoint a curator. Shortly thereafter, the personal representatives filed an amended petition for administration, and on the same date, the letters of administration were issued, again appointing Gordin and Teresa Shelley as co-personal representatives.

After the reappointment of the personal representatives, a hearing was held on the appellee's motion to appoint a curator. After hearing argument from both parties' attorneys, and without hearing evidence from witnesses or having the benefit of documents submitted into evidence, the probate court appointed an attorney as curator.[1] The order appointing the curator did not address the previously issued letters of administration, thus facially leaving the letters of administration in place. The probate court subsequently issued letters of curatorship, stating:

> NOW, THEREFORE, I, the undersigned Circuit Judge, do grant [Curator's name], the curatorship of the Estate, *with full power of a personal representative* to administer the estate according to law, *to collect and preserve the assets* that belonged to the Decedent in his lifetime, at the time of his death and as collected by his Estate, and to ask, demand, sue for, *recover, receive and sell* these assets for the Estate; and *all persons in possession of assets of the Decedent and records of the Estate are ordered and directed to deliver them to* [Curator's name], *as Curator.*

---

[1] The order was entered by a judge from another division of the circuit court filling in for the probate judge.

(emphasis added).  The personal representatives gave notice of this appeal.

*Appellate Analysis*

As an initial matter, the appellee filed a motion to dismiss this case for lack of jurisdiction.  We determine that we have jurisdiction pursuant to Florida Probate Rule 5.100 and Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii), as this is a case determining the right to immediate possession of property.

Since the issue presented before us is a question of pure law, we review the case *de novo*.  *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 44 (Fla. 2010).

The personal representatives argue the probate court erred in appointing the curator on both substantive and procedural grounds. Since we agree that the probate court erred in appointing the curator on substantive grounds, we do not address the procedural grounds.

The personal representatives argue, as a matter of substantive law, it is legally improper to simultaneously have a curator and a personal representative acting on behalf of an estate.

Although there is little guidance as to the precise situations in which a curator should be appointed for an estate proceeding, there are a few cases and statutes that are instructive.

In *In re Estate of Miller*, 568 So. 2d 487, 488 (Fla. 1st DCA 1990), the First District addressed an appeal in which the probate court granted the decedent's half-brother's motion to appoint a curator when a petition was pending to appoint the decedent's nephew as the personal representative of the estate.  The decedent's will named the nephew as the sole heir of the estate and designated him to serve as personal representative. *Id.* Similarly to the instant case, the half-brother in *Miller* alleged that the nephew exerted undue influence on the decedent in the execution of the will, and that he was mishandling the assets of the decedent's estate. *Id.*

The *Miller* court stated that, "[a]lthough the circumstances calling for the appointment of a curator are not specified in the statute, *a typical situation* is where there is a *delay in the appointment* of a personal representative and a fiduciary is needed to take charge of the estate assets." *Id.* at 489 (emphasis added).  Thus, *Miller* spoke in terms of a "typical situation," and not a stated requirement for the appointment of a curator.  The First District reversed the order appointing the curator

3

because the court reasoned that the petition to appoint a personal representative should have been resolved before considering the appointment of a curator. *Id.*

Additional support for the personal representatives' argument that the curator should not have been appointed to serve at the same time the personal representatives were serving can be found in the definitions within the Florida Probate Code. Section 731.201, Florida Statutes (2014), defines a "curator" as "a person appointed by the court to take charge of the estate of a decedent *until letters are issued.*" § 731.201(8), Fla. Stat. (2014) (emphasis added). Additionally, "letters" is defined in the Probate Code as "authority granted by the court to the personal representative to act on behalf of the estate of the decedent and refers to what has been known as letters testamentary and letters of administration." § 731.201(24), Fla. Stat. (2014). These definitions indicate that the legislature intended that a curator be appointed *before* the letters of administration are issued to personal representatives. *See also In re Sale's Estate*, 227 So. 2d 199, 202 (Fla. 1969) ("[A] Curator is ordinarily appointed *only as a temporary expedient* to take possession of and preserve the assets of the estate *until a personal representative* may be appointed . . . .")[2] (emphasis added). In the instant case, the curator was appointed *after* the personal representatives were appointed and *after* the letters of administration were issued, at a time when much of the estate remained to be administered.

The appellee responds that the personal representatives' argument that a curator cannot be appointed without revoking their appointment as personal representatives "flies in the face of the trial court's responsibility to take whatever actions it deems appropriate to protect the estate's assets and is an exercise in form over substance." However, this argument lacks merit because the concurrent service of a personal representative and curator cannot be legally justified.

---

[2] Although *In re Sale's Estate* further states a curator may be appointed "conceivably, after an estate is ready for distribution and an heir is missing, to take possession of and preserve the share of the estate to which such heir is entitled pending a search for him and his heirs," 227 So. 2d at 202, in such a situation, the services of the personal representative would be terminated, and the curator would remain appointed only until the lost heir's property can be legally disposed. It is also conceivable that a curator might be appointed to take control of and marshal an asset over which there is a dispute as to whether the decedent owned the asset at the time of death.

4

In viewing the powers and duties of the personal representatives and the curator, the reason that the concurrent representation is not only problematic, but legally unjustifiable, is clearly seen. Since the curator in the instant case was given the "full power of a personal representative," which is specifically authorized by section 733.501(1), Florida Statutes (2014) ("The curator may be authorized to perform any duty or function of a personal representative."), there is an inherently conflicting scenario created when both a curator and a personal representative are simultaneously authorized to act on behalf of the estate. An intolerable situation is created because two representatives with logically speaking different functions (hence the difference in title), separate but equal, have virtually the same power to exert over an estate. In such situations, neither the heirs nor the creditors have a clear understanding of who is in control of the estate.

The appellee makes no argument that this is a case in which the curator was appointed to serve as a *joint personal representative*. Joint personal representatives have legally defined roles in regards to an estate. Section 733.615, Florida Statutes (2014), requires that, if there are joint personal representatives, certain procedures for decisions made, as well as certain protections, apply to the joint personal representatives. § 733.615, Fla. Stat. (2014). The statute serves to set forth a procedure if there is a disagreement between personal representatives on how to administer an estate. However, in this case, the curator was not appointed as a joint personal representative, but instead, as a separate court agent with the same powers.[3] It is easy to see how this would be problematic, considering that there could be conflicting opinions on how to make decisions regarding an estate. Since the curator is not a joint personal representative, section 733.615 does not provide an applicable procedure for resolving these conflicting opinions.

As an additional source of support for their argument, the personal representatives point to Florida Probate Rule 5.122. Rule 5.122(e) states: "When the personal representative is appointed, the curator *shall account for and deliver* all estate assets in the curator's possession to the personal representative within 30 days after issuance of letters of administration." (emphasis added). This rule again demonstrates that the role of a personal representative is intended to *succeed* the role of a curator in the

[3] Despite granting the curator the same powers of a personal representative, if the probate court had intended to appoint the curator as a *de facto* personal representative, it would seem the probate court would have mentioned in the appointment order the status of the other two personal representatives and made clear an intent to treat the curator as a joint personal representative.

administration of an estate. Once a personal representative is appointed, the curator is duty-bound under the rule to deliver the assets of the estate to the personal representative. Since the personal representatives in the instant case were appointed and never removed, the concurrent appointment of the curator could require a never-ending, and insatiable, transfer loop between the curator and the personal representatives: the trial court's order requires possessors of assets of the estate (the personal representatives) to give the assets to the curator, and the rules require the curator to give possession of these same assets to the personal representatives.

We can envision a situation in which a probate court might remove a personal representative and appoint a curator to serve until a successor personal representative can be appointed. We can also envision a situation in which a probate court may determine it is best to temporarily revoke or suspend letters of administration issued to a personal representative because a prima facie case is made for grounds for removal, but extensive evidentiary hearings may be needed to make a final decision as to whether the letters should be permanently revoked. In such situations, it may be appropriate to appoint a curator to administer the estate on a temporary basis. However, the personal representatives in the instant case were not temporarily removed and their powers were not temporarily suspended.[4]

For the above reasons, we hold that the appointment of the curator, without the temporary or permanent revocation or temporary suspension of letters issued to the personal representatives, was error and reverse the probate court's order appointing the curator. We remand the case for proceedings consistent with this opinion.

*Reversed and remanded.*

STEVENSON and GERBER, JJ., concur.

*            *            *

**Not final until disposition of timely filed motion for rehearing.**

---

[4] Since there are certain requirements and findings that must be made in order for a personal representative to be removed, the probate court's order appointing the curator cannot be viewed as implicitly removing the personal representatives. *See Blechman v. Dely*, 138 So. 3d 1110, 1114 (Fla. 4th DCA 2014) ("Florida Probate Rule 5.440 sets forth the procedures that must be followed for removal of a personal representative."); *see also* Fla. Prob. R. 5.400.