NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FREEDA MARY SCUDDER,                    )
                                        )
        Appellant,                      )
                                        )
v.                                      )    Case No. 2D16-5655
                                        )
RAHUL SCUDDER,                          )
                                        )
        Appellee.                       )
                                        )
_____ )

Opinion filed October 20, 2017.

Appeal from the Circuit Court for Collier
County; Geoffrey H. Gentile, Judge.

Philip D. Parrish of Philip D. Parrish, P.A.,
Miami and Lawrence S. Katz of Lawrence
S. Katz, P.A., Miami, for Appellant.

Andrew S. Berman of Young, Berman,
Karpf & Gonzalez, P.A., Miami, for
Appellee.


LUCAS, Judge.

        This case raises the occasionally thorny question of subject matter

jurisdiction in a divorce proceeding where a family has lived abroad.  On May 26, 2016,

Rahul Scudder, a commercial airline pilot, filed a petition in the Collier County Circuit

Court to dissolve his marriage with Freeda Mary Scudder.  In his petition, Mr. Scudder

alleged that he had been a resident of Florida for six months prior to its filing and

requested the circuit court to take jurisdiction over the parties and their three minor children and enter a final judgment dissolving the parties' marriage and incorporating a marital settlement agreement and parenting plan Mr. and Ms. Scudder had previously executed. Ms. Scudder filed an answer admitting the allegations of Mr. Scudder's petition and consenting to the entry of the requested final judgment. On July 12, 2016, the circuit court entered a succinct final judgment of dissolution of marriage, in which the court found that it had jurisdiction over the parties and their children and adopted the parties' proposed marital settlement agreement and parenting plan. In the judgment, the circuit court reserved jurisdiction to enforce the terms of the parties' agreement and parenting plan.

As it turned out, and in spite of Mr. Scudder's representations, the threshold question of subject matter jurisdiction was not at all clear at the time the circuit court entered its final judgment. First, although Mr. Scudder alleged in his petition that he was a resident of Florida and filed a copy of his Florida driver's license as proof, the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) affidavit Mr. Scudder included with his filings reflected that all three of the couple's children had resided in the United Arab Emirates (UAE) for the two years immediately prior to the filing of his petition. Indeed, it appears from his UCCJEA affidavit that these children have lived much of their lives in foreign nations—Saudi Arabia, India, the UAE—and had only ever resided in Florida between June and August of 2014. Moreover, many of the documents Mr. and Ms. Scudder filed in the early stages of this Florida divorce proceeding were notarized in the UAE by a United States vice consul. Finally, notwithstanding that the final judgment the circuit court entered referenced that the court

took the parties' testimony, both parties have acknowledged to this court that neither one ever appeared for a hearing prior to the entry of the final judgment; nor does it appear from the record before us that such a hearing was ever noticed or scheduled.

The present controversy began (or, arguably, came to light) in September 2016 when Ms. Scudder removed the minor children from the UAE to New York and thereafter initiated a separate custody action in Nassau County, New York, in which she sought to relocate the children to New York to live with her and her family. From this, a slew of filings in New York and Florida courts commenced. Pertinent to this appeal, Ms. Scudder filed a motion to transfer jurisdiction in the Collier County case to facilitate the New York court's acceptance of jurisdiction over the parties' minor children. Mr. Scudder opposed that motion and separately filed a verified motion to enforce the parenting plan in the Collier County case on November 16, 2016. Ms. Scudder then filed a "Verified Petition to Vacate Final Judgment and/or Relinquish Jurisdiction in Response to Motion to Enforce Parenting Plan" in the Collier County case on December 15, 2016. In this verified petition,[1] Ms. Scudder stated that neither she, nor her husband, nor any of their children had ever established a residence in the State of Florida. At all material times, she stated, the family had lived in the UAE. She challenged the circuit court's initial acquisition and continued assertion of subject matter jurisdiction over the children, arguing that Florida was never the minor children's "home state" under Florida's UCCJEA. See § 61.503(7), Fla. Stat. (2015) (defining "home

---

[1]For purposes of this appeal, we treat Ms. Scudder's petition as a motion for relief from judgment under Florida Family Law Rule of Procedure 12.540. Cf. Mannino v. Mannino, 980 So. 2d 575, 577 (Fla. 2d DCA 2008) (holding that in order to attack a custody judgment collaterally, a litigant must seek relief pursuant to rule 12.540).

- 3 -

state" for purposes of jurisdiction as "the state in which a child lived with a parent or a person acting as a parent for at least 6 consecutive months immediately before the commencement of a child custody proceeding").

The verified motion to enforce was scheduled to be heard on December 20, 2016, and Ms. Scudder attempted to cross-notice her petition for hearing at that same time. Counsel for Ms. Scudder and Mr. Scudder appeared at the hearing without either of their respective clients. No witnesses testified, and the attorneys proffered no evidence beyond referencing what was attached to their various filings. At the outset of the hearing, Ms. Scudder's attorney pointed out that the circuit court should first resolve her petition as it raised a jurisdictional issue before proceeding to adjudicate the merits of any controversy. The circuit court initially indicated that it would reserve ruling on the issue of its jurisdiction until a later time, but it would still hear arguments on the motion to enforce subject to its later determination about its jurisdiction. Both parties proceeded to argue the merits of Mr. Scudder's motion to enforce under the assumption that there would be a subsequent hearing on the issue of jurisdiction. But by the end of the hearing, the circuit court apparently became convinced that the parties' marital settlement agreement and parenting plan sufficiently established its subject matter jurisdiction over the parties' minor children. Over Ms. Scudder's objection, and without convening an evidentiary hearing, the circuit court entered the order now before us, which granted Mr. Scudder's motion to enforce parenting plan and denied Ms. Scudder's petition.[2] With respect to the issue of jurisdiction Ms. Scudder had broached

_____

[2]The order Ms. Scudder appeals was entered the same day as the hearing and was drafted from a civil form order (followed by two pages of notebook paper) in which the circuit court handwrote its findings and added the word "Agreed"

- 4 -

in her petition, the order stated simply, "The Court finds that it has Jurisdiction over the Parties and the Minor children."

In her appeal, Ms. Scudder argues that the circuit court improperly denied her petition challenging the circuit court's subject matter jurisdiction. Mr. Scudder concedes that the circuit court committed a procedural error when it denied Ms. Scudder's petition without first affording her an evidentiary hearing on her petition. However, he believes that he could present evidence and arguments that would show the Collier County circuit court was properly vested with subject matter jurisdiction over these proceedings. In his briefing and at oral argument, Mr. Scudder urged us to reverse but to remand this case back to the Collier County Circuit Court to convene an evidentiary hearing so that he can advance his arguments below.

Ms. Scudder asks us to go a step beyond that concession. She argues that the evidence below proved conclusively "that the only State which could exercise jurisdiction over the children's custody issues is the State of New York." According to

immediately before the form's caption "ORDER." With respect to the finding we address in this appeal—that is, the circuit court's jurisdiction—both Mr. and Ms. Scudder acknowledge that the order was not, in fact, agreed to by Ms. Scudder. We would take this opportunity to once again discourage the use of fill-in-the-blank form orders to resolve substantive controversies such as this one. See Ventures Tr. 2013-I-H-R v. Asset Acquisitions & Holdings Tr., 202 So. 3d 939, 941 n.3 (Fla. 2d DCA 2016). That said, and in fairness to the circuit court, it is apparent that the presiding judge was endeavoring to put some kind of a temporary parenting plan in place so that these children would not be subjected to further upheaval as a result of their parents' disputes. That concern, as commendable as it may be, must still yield to the principle that a court cannot act without subject matter jurisdiction. Cf. Reinhart v. Reinhart, 291 So. 2d 103, 105 (Fla. 1st DCA 1974) (acknowledging that it is "[u]nquestionably . . . the policy of the law of Florida to keep children together in one family circle if at all feasible" but nevertheless affirming order denying custody of oldest child to father where "the olde[st] child was not subject to the jurisdiction of the Florida courts").

Ms. Scudder, there was no evidence that could have established a Florida residency for the parties or their children under sections 61.021, 61.503(4), and 61.514. Therefore, the Collier County Circuit Court could not have had jurisdiction to adjudicate any part of this family's divorce proceeding as a matter of law. She maintains that we should not only reverse the circuit court's order but vacate the judgment of dissolution of marriage in its entirety, as the evidence would show that the circuit court never had jurisdiction over any aspect of this marriage or these minor children and its judgment was void ab initio.

She may prove to be right. It would seem from the limited evidentiary record we have that Mr. Scudder's assertions about the Collier County Circuit Court's initial subject matter jurisdiction—essentially, that notwithstanding anyone's residency, the parties agreed to it; that Ms. Scudder should be estopped from denying it; and that the alternative of submitting their familial disputes to a court in the UAE was mutually unpalatable—are likely going to prove untenable. Cf. In re D.N.H.W., 955 So. 2d 1236, 1239 (Fla. 2d DCA 2007) (holding that because minor child was not a resident of Florida at any point during the six months prior to the filing of the child custody proceeding, the Florida circuit court had no jurisdiction over the child and its orders were void); Strommen v. Strommen, 927 So. 2d 176, 179 (Fla. 2d DCA 2006) (observing in a custody proceeding that subject matter jurisdiction "cannot be conferred by waiver, acquiescence, or agreement of the parties"); Ruble v. Ruble, 884 So. 2d 150, 151-52 (Fla. 2d DCA 2004) (ruling that in spite of wife's admission in her counter-petition for dissolution of marriage, Florida circuit court did not have jurisdiction over couple's child who had resided with wife in California; "although the court may have had personal

jurisdiction over the husband and the wife to grant the divorce, the court did not have subject matter jurisdiction over the custody proceedings under the UCCJA"); Schaffer v. Ling, 76 So. 3d 940, 941 (Fla. 4th DCA 2011) ("With limited exceptions, a Florida court has jurisdiction to make an initial child custody determination 'only if Florida is the child's home state on the date of the commencement of the custody proceeding or was the child's home state within six months before commencement of the proceeding and a parent or person acting as a parent continues to live in the state.' " (first quoting Lande v. Lande, 2 So. 3d 378, 381 (Fla. 4th DCA 2008); then citing § 61.514(1)(a), Fla. Stat. (2010))).

Nevertheless, those arguments, and the evidence the parties were entitled to present to buttress those arguments, have yet to be given a hearing. Mr. Scudder concedes, and we agree, that the denial of Ms. Scudder's challenge to the circuit court's subject matter jurisdiction without affording the parties an evidentiary hearing was error that requires reversal. See Minda v. Minda, 190 So. 3d 1126, 1128 (Fla. 2d DCA 2016) (holding that former wife's motion for relief from default judgment dissolving her marriage in which she challenged the circuit court's subject matter jurisdiction was facially sufficient and remanding "for a formal evidentiary hearing on the motion" (citing In re Guardianship of Schiavo, 800 So. 2d 640, 644 (Fla. 2d DCA 2001))); Hirsch v. Hirsch, 136 So. 3d 622, 623 (Fla. 2d DCA 2013) ("Because it is not clear from the record whether the trial court had subject matter jurisdiction to order the Former Husband to change the beneficiary designation of his life insurance policy, we reverse that portion of the order and remand for the trial court to conduct an evidentiary hearing addressing the issue and for further proceedings if necessary."); Douglas v. Johnson,

65 So. 3d 605, 606 (Fla. 2d DCA 2011) ("We must reverse and remand for a full evidentiary hearing because the Mother was denied procedural due process—the circuit court did not give her the opportunity to raise and develop the issue of lack of subject matter jurisdiction."). But we can go no further into the resolution of this jurisdictional quandary because as an appellate court we cannot render the initial factual determinations that still need to be made. See Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact."); Douglass v. Burford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009) ("Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance."); see also Cave v. State, 661 So. 2d 1213, 1215 (Fla. 1995) (Kogan, J., dissenting) ("At the most fundamental level, it is not an appellate court's function to engage in belated fact-finding that the trial court has neglected to do.").

Accordingly, we reverse the circuit court's order and remand for the court to convene, as expeditiously as possible, an evidentiary hearing on Ms. Scudder's jurisdictional challenge. See § 61.508 ("If a question of existence or exercise of jurisdiction under [the UCCJEA] is raised in a child custody proceeding, the question, upon request of a party, must be given priority on the calendar and handled expeditiously.").

Reversed and remanded with instructions.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.

- 8 -