PER CURIAM.
G.F., the father to nine-year-old A.F., appeals the trial court's order terminating his parental rights. We reverse.
The child was removed from her mother's care on June 24, 2016, and sheltered by the department of children and families, because the mother was violent towards the child's grandmother. The department was unable to locate the father until October 2016, when he was put on a case plan requiring him to successfully complete: (1) a psychological evaluation; (2) a substance abuse evaluation; (3) outpatient substance abuse treatment; (4) individual counseling; (5) an evidence-based parenting program; (6) a domestic violence for batterer's course; and (7) supervised visitation. The case plan also required the father to: (8) maintain adequate employment and housing; and (9) show parental responsibility.
*225 On April 6, 2017, the department petitioned to terminate the father's parental rights based on Florida Statutes sections 39.806(1)(e) 1. and 39.806(1)(e)2. Those statutes provide:
(1) Grounds for the termination of parental rights may be established under any of the following circumstances:
....
(e) When a child has been adjudicated dependent, a case plan has been filed with the court, and:
1. The child continues to be abused, neglected, or abandoned by the parent or parents. The failure of the parent or parents to substantially comply with the case plan for a period of 12 months after an adjudication of the child as a dependent child or the child's placement into shelter care, whichever occurs first, constitutes evidence of continuing abuse, neglect, or abandonment unless the failure to substantially comply with the case plan was due to the parent's lack of financial resources or to the failure of the department to make reasonable efforts to reunify the parent and child. The 12-month period begins to run only after the child's placement into shelter care or the entry of a disposition order placing the custody of the child with the department or a person other than the parent and the court's approval of a case plan having the goal of reunification with the parent, whichever occurs first; or
2. The parent or parents have materially breached the case plan. Time is of the essence for permanency of children in the dependency system. In order to prove the parent or parents have materially breached the case plan, the court must find by clear and convincing evidence that the parent or parents are unlikely or unable to substantially comply with the case plan before time to comply with the case plan expires.
§ 39.806(1)(e) 1.-2., Fla. Stat. (2017). The trial court held a three-day hearing, and at the end of it found by clear and convincing evidence that the department established one of the circumstances for terminating parental rights, section 39.806(1)(e) 1., and that termination was in the child's best interests and the least restrictive means of protecting the child. (The trial court did not rule on the alternative circumstance for termination in the department's petition, section 39.806(1)(e) 2.)
"Each termination case involves three questions: (1) Does a ground for termination of parental rights exist? (2) Is termination in the manifest best interest of the child? (3) Is termination the least restrictive means of protecting the child from harm?" C.T. v. State, Dep't of Children & Families, 22 So.3d 852, 854 (Fla. 3d DCA 2009) (citations omitted) ). We deal, here, with the first question. The father argues that the department did not meet the legal criteria for termination of his parental rights under section 39.806(1)(e) 1. "The Department agrees as the record reflects that the child A.F. was sheltered on June 24, 2016, and adjudicated dependent as to the Father on September 14, 2016. The Department filed its petition to terminate Father's parental rights on April 6, 2017.... The Father has not had the full twelve (12) month period under the statute." (DCF Br. at 19.)[1]
Even so, the department contends that under the tipsy coachman doctrine we should affirm because the father "materially breached" his case plan under *226 section 39.806(1)(e) 2. We decline the invitation to apply the "right-for-the-wrong-reasons" doctrine because the trial court made no findings regarding this circumstance for terminating parental rights - including that the father materially breached his case plan - and it would not be appropriate for us, as an appellate court, to do so in the first instance based on this record.[2] See HSBC Bank USA, Nat'l Ass'n v. Nelson, 246 So.3d 486, 489 (Fla. 2d DCA 2018) ("As an initial matter, we note that the trial court expressly declined to address this argument, and this court cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so.") (quotation omitted); Bueno v. Workman, 20 So.3d 993, 998 (Fla. 4th DCA 2009) ("[A]n appellate court cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so.").
For these reasons, we reverse the trial court's order terminating G.F.'s parental rights and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.

The guardian ad litem program argues that this issue was not preserved for appellate review because it was not presented to the trial court. We disagree. The father's counsel argued in her closing that the father came in late into the proceedings and was not given the full twelve months to complete the case plan.

It would be difficult for us to make such a finding given the father "completed his psychological evaluation;" "was evaluated and enrolled in an outpatient substance abuse program" (although his participation was "inconsistent"); "completed his sixteen week" evidence-based parenting course; "completed the 26 domestic violence session[s] required by the program"; and "consistently visited [A.F.] and the supervised interactions were overall appropriate."