DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**S.C.,** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D19-1953

[December 11, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Stacey Schulman, Judge; L.T. Case No. 2018-3944 DP.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina Moore, Statewide Director of Appeals, Statewide Guardian ad Litem Office, and Samantha Costas Valley, Senior Attorney, Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

GERBER, J.

The incarcerated father appeals from the trial court's final judgment of termination of parental rights as to his son. The father raises several arguments, including that the trial court erred in basing its decision, in part, on its finding that the father's criminal history included having been designated as a habitual violent felony offender (HVFO), when in fact he had been designated as a violent career criminal (VCC). We affirm.

At the final hearing, the appellees introduced into evidence an exhibit containing copies of the father's sentencing documents from his criminal convictions. The exhibit contained a sentencing document showing that the father initially was incorrectly designated as an HVFO. However, the

same exhibit later contained a corrected sentencing document deleting the HVFO designation, and instead adding a correct VCC designation.

Nevertheless, the trial court inadvertently relied on the incorrect HVFO designation as one ground, among others, to terminate the father's parental rights under section 39.806(1)(d)2., Florida Statutes (2018) (permitting termination of parental rights when "[t]he incarcerated parent has been determined by the court to be . . . a habitual violent felony offender as defined in s. 775.084 . . . .").

The appellees, without disputing the trial court's error in relying on the incorrect HVFO designation, nevertheless seek affirmance based on three alternative arguments:

(1) the father failed to preserve this error for appellate review;

(2) if the father preserved the error for review, then the "tipsy coachman" doctrine supports affirmance because section 39.806(1)(d)2., Florida Statutes (2018), permits termination of parental rights when "[t]he incarcerated parent has been determined by the court to be a *violent career criminal* as defined in s. 775.084 [or] a habitual violent felony offender as defined in s. 775.084 . . . ." (emphasis added); and

(3) if the "tipsy coachman" doctrine cannot be applied here, then this court still should affirm, because competent, substantial evidence supports the trial court's separate termination basis under section 39.806(1)(d)1., Florida Statutes (2018) ("[t]he period of time for which the parent is expected to be incarcerated will constitute a significant portion of the child's minority"), along with the trial court's other findings that termination was in the child's manifest best interest, and was the least restrictive means of protecting the child from harm.

We conclude that the appellees' first argument lacks merit. The father preserved the designation error for appellate review by orally bringing the error to the trial court's attention during the final hearing, before the trial court entered its final judgment.

The appellees' second argument also lacks merit. The tipsy coachman doctrine cannot be applied here, because the correct ground for termination, the father's prior determination as a VCC, had not been asserted in the petition, and the trial court made no findings regarding this circumstance for terminating parental rights. *See L.A.G. v. Dep't of Children & Family Servs.*, 963 So. 2d 725, 726 (Fla. 3d DCA 2007) ("The

2

termination order violates due process because it is based on grounds not asserted in [the] petition."); *G.F. v. Dep't of Children & Families*, 256 So. 3d 224, 226 (Fla. 3d DCA 2018) ("We decline the invitation to apply the 'right-for-the-wrong-reasons' doctrine because the trial court made no findings regarding this circumstance for terminating parental rights . . . and it would not be appropriate for us, as an appellate court, to do so in the first instance based on this record.").

However, the appellees' third argument has merit. Competent, substantial evidence supports the trial court's separate termination basis under section 39.806(1)(d)1., Florida Statutes (2018) ("[t]he period of time for which the parent is expected to be incarcerated will constitute a significant portion of the child's minority"), along with the trial court's other findings that termination was in the child's manifest best interest, and was the least restrictive means of protecting the child from harm. *See J.C. v. Dep't of Children & Families*, 264 So. 3d 973, 977 (Fla. 4th DCA 2019) ("[A]s long as one of the statutory grounds for termination is supported by competent substantial evidence, this Court will affirm the termination order.").

Based on the foregoing, we affirm the trial court's final judgment of termination of parental rights under section 39.806(1)(d)1., but we remand for the trial court to strike all findings of termination under section 39.806(1)(d)2. *Id.* at 978. The father need not be present for this ministerial action.

On all other grounds which the father has raised in this appeal, we affirm without further discussion.

*Affirmed; remanded with instructions.*

CIKLIN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***