# Third District Court of Appeal

## State of Florida

Opinion filed December 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0029
Lower Tribunal No. 21-15328
_____

**Racquel Dorvil,**
Appellant,

vs.

**Jacarr Atwell,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia Del Rey, Judge.

Carlton Pierce, P.A. and Carlton Pierce (Boynton Beach), for appellant.

Alexander Appellate Law P.A., and Samuel Alexander, and Misti Z. Barnett (DeLand), for appellee.

Before FERNANDEZ, LINDSEY, and BOKOR, JJ.

LINDSEY, J.

Appellant Racquel Dorvil ("Mother") timely appeals a final order dismissing her Petition to Establish Paternity, Parental Responsibility, Time-sharing, and Child Support with Appellee Ja'Carr Atwell ("Father"). Prior to the commencement of the underlying proceeding, Father commenced a child custody proceeding in South Carolina, resulting in a final judgment. After the court below dismissed this action for a lack of jurisdiction and the notice of appeal was filed, the South Carolina court vacated its final order. Mother moved to supplement the record with the vacatur order, and Father filed a motion to strike.

On appeal, Mother argues that the trial court erred when it failed to hold an evidentiary hearing on jurisdiction and the court failed to contact the South Carolina court pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").

For the reasons set forth below, we deny the motion to strike and reverse and remand for an evidentiary hearing and further consideration in light of the recent South Carolina order vacating its prior child custody order.

I.      BACKGROUND

This case's multi-state history is long and tortuous. Mother and Father began a relationship while they resided in Florida. They then moved to and resided together in South Carolina, but never married. When their relationship soured, before the birth of their child, Mother moved into her own

2

residence in South Carolina. In December 2018, the child was born in Florida, but Father was not notified. He learned of the birth from a third party and unsuccessfully attempted to locate the child several times.

In 2019, Mother filed for child support in South Carolina; subsequent testing confirmed Father's paternity. Father filed an action in South Carolina in January 2020, seeking visitation. Although Mother was on notice of the action, she did not participate in litigation or the temporary custody hearing that resulted in a temporary order granting Father visitation. Father attempted, without success, to exercise his visitation rights several times with the help of law enforcement. In June, he discovered that Mother had vacated her South Carolina apartment.

In July 2020, Father filed an emergency custody motion in South Carolina. Due to COVID delays, the hearing was scheduled for December 2020. Meanwhile, both Father and an appointed Guardian *ad Litem* unsuccessfully attempted to contact Mother numerous times.

In December 2020, the South Carolina court issued a temporary order granting Father custody, but he still could not locate his child. In March 2021, he discovered that Mother had purchased a home in Pensacola, Florida. Father registered the South Carolina custody order in Florida's First Judicial Circuit Court. In March 2021, the First Circuit issued a pick-up order to return the child to Father.

South Carolina issued a criminal warrant for Mother's arrest for interference with custody. Over the next several months, law enforcement agencies in several states (including the FBI) attempted to locate Mother and the child. During this time, in July 2021, Mother filed the underlying custody petition and UCCJEA affidavit below,[1] claiming that she and the child continuously resided in Florida since 2019. Finally, in October 2021, law enforcement located the child and placed him in Father's custody pursuant to the South Carolina temporary custody order. The child has since been in Father's custody in South Carolina.

Mother was transported to South Carolina, served with notice of the final South Carolina custody hearing in jail, and released on bond while charges remained pending. In March 2022, the South Carolina court ruled that it had jurisdiction over the custody matter, granted Father sole custody of the child, and granted Mother visitation rights at Father's discretion. Although Mother did not appeal, she moved to void the South Carolina final judgment.

---

[1] "Subject to Florida law providing for the confidentiality of procedures, addresses, and other identifying information in a child custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last 5 years, and the names and present addresses of the persons with whom the child has lived during that period." § 61.522(1), Fla. Stat. (2024).

In March 2022, Father filed the South Carolina final order with the court below. The court held a case management conference in July 2022 and heard argument on the jurisdictional issue. The court then dismissed Mother's petition for lack of jurisdiction in an unelaborated order. Mother timely appealed.

After Mother filed her notice of appeal, however, the South Carolina court granted her motion to void the final judgment, concluding that "[a]t the time [the] action was filed . . . South Carolina was not the home state of the minor child."[2]  Mother has moved to supplement the record with the South Carolina vacatur order; Father has moved to strike because it is not in the record.

## II.    ANALYSIS

This Court reviews questions of law regarding subject-matter jurisdiction under the UCCJEA de novo. Miller v. Mitchell, 328 So. 3d 1067, 1069 (Fla. 3d DCA 2021). The UCCJEA is a uniform law, adopted by all states except Massachusetts, governing custody disputes. Id. Its purpose is to avoid jurisdictional conflict and promote cooperation with courts of other states. § 61.502(1), (2), Fla. Stat. (2024). Florida has adopted the UCCJEA in sections 61.501-.542.

---

[2] The South Carolina order also states that it "makes no determination as to the appropriate *current* home state of the minor child." (emphasis added).

5

## A. Motion to Strike

Father argues that the South Carolina vacatur order should be stricken and not considered on appeal because it was not in the record below.

It is well-established that "[a]ppellate review is limited to the record as made before the trial court at the time of the entry of a final judgment or orders complained of." Velazquez v. S. Fla. Fed. Credit Union, 89 So. 3d 952, 956 (Fla. 3d DCA 2012) (quoting Rosenberg v. Rosenberg, 511 So. 2d 593, 595 n.3 (Fla. 3d DCA 1987)).

But the Florida Rules of Appellate Procedure authorize courts to recognize a party's supplemental filing of decisional authority not in the record. See Fla. R. App. P. 9.225 ("A party may file notices of supplemental authority with the court before a decision has been rendered to call attention to decisions, rules, statutes, or other authorities that are significant to the issues raised and that have been discovered after service of the party's last brief in the cause."); see also Fed. Deposit Ins. Corp. v. Nationwide Equities Corp., 304 So. 3d 1240, 1247 n.9 (Fla. 3d DCA 2020) (Scales, J., concurring).

The vacatur order was not included in the record, nor was it presented to the trial court as it was entered almost two years *after* the trial court dismissed the action. Nonetheless, Florida Rule of Appellate Procedure

6

9.225 authorizes this Court to consider it. Accordingly, we deny the motion to strike.

**B. Evidentiary Hearing**

Mother argues the trial court violated due process by not conducting an evidentiary hearing as to the child's home state.

Failure to provide a full evidentiary hearing on a subject-matter jurisdiction challenge can implicate due process. See Armand v. Amisy, 316 So. 3d 740, 743 (Fla. 3d DCA 2021) (reversing and remanding where the trial court failed to hold a hearing on a motion to dismiss for lack of subject-matter jurisdiction); Scudder v. Scudder, 228 So. 3d 703, 706-07 (Fla. 2d DCA 2017) (reversing and remanding for an evidentiary hearing where the trial court did not hear argument on the challenged subject-matter jurisdiction); Douglas v. Johnson, 65 So. 3d 605, 606-07 (Fla. 2d DCA 2011) (reversing and remanding for a full evidentiary hearing where the trial court provided only ten minutes to hear argument from the parties).

Though it did not conduct a full evidentiary hearing, the trial court here "heard argument on the [j]urisdictional [i]ssue" during its July 2022 case management conference before dismissing the case. This Court need not decide whether this hearing satisfied due process because South Carolina's vacatur order presents new circumstances for the lower court to resolve.

The vacatur order states that South Carolina was not the child's home state at the time Father filed the petition in January 2020. But the order also leaves open the question of which state is currently the child's home state. "[W]e can go no further into the resolution of this jurisdictional quandary because as an appellate court we cannot render the initial factual determinations that still need to be made." Scudder, 228 So. 3d at 707; see also G.F. v. Dep't of Child. & Fams., 256 So. 3d 224, 226 (Fla. 3d DCA 2018); Douglas v. Buford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009).

Because the basis for the lower court's dismissal has been vacated, and the South Carolina vacatur order presents new jurisdictional facts, we remand for the lower court to conduct an evidentiary hearing to determine the child's home state.

**C. Contacting the South Carolina Court Under the UCCJEA**

Mother argues that the trial court erred by failing to contact the South Carolina court pursuant to section 61.519(2) of the UCCJEA.

Section 61.514(1)(a) provides that Florida has jurisdiction if it was "the home state of the child on the date of the commencement of the proceeding or was the home state of the child within 6 months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state."

8

This case potentially involves simultaneous custody proceedings, which section 61.519 governs.[3]  Section 61.519(2) provides: "If the court determines that a child custody proceeding was previously commenced in a court in another state having jurisdiction substantially in accordance with [the UCCJEA], the court of this state shall stay its proceeding and communicate with the court of the other state."  See also Arjona v. Torres, 941 So. 2d 451, 456 (Fla. 3d DCA 2006) (holding that no communication was required because prior proceedings commenced in Mexico were not substantially in conformity with the UCCJEA).

Here, the proceeding in South Carolina was commenced prior to this proceeding.  But the recent vacatur order renders it unclear as to whether South Carolina had jurisdiction in substantial accordance with the UCCJEA. While the order declared South Carolina was not the child's home state at the time that Father filed his petition, it also stated that it "makes no determination as to the appropriate *current* home state." (emphasis added).

---

[3] Section 61.519(1) prohibits Florida from exercising jurisdiction where proceedings have been commenced in another state having jurisdiction substantially in conformity with the UCCJEA, unless the other court terminated proceedings, or stayed the proceedings because it found Florida a more convenient forum.  See also Kilcrease v. Brown, 380 So. 3d 1275, 1276 (Fla. 1st DCA 2024).

In light of the vacatur order, we remand for the trial court to determine whether South Carolina had jurisdiction in substantial accordance with the UCCJEA to require communication pursuant to section 61.519(2).

### III. CONCLUSION

Because Florida Rule of Appellate Procedure 9.225 authorizes this Court to consider the South Carolina vacatur order, we deny Father's motion to strike. The recent vacatur order presents new jurisdictional facts for the lower court to consider in the first instance. Accordingly, we reverse and remand to the lower court to conduct an evidentiary hearing to determine the child's home state and determine whether section 61.519 requires communication with the South Carolina court.

Reversed and remanded for proceedings consistent herewith.