# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1344
Lower Tribunal No. 25-504-CP-02
_____

**Erisvanha Ramos De Souza, et al.,**
Appellants,

vs.

**In Re: Estate of Jose Ferreira de Oliveira, et al.,**
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Gordon & Rees and David M. Gersten and Joseph A. Sacher; RHF Law Firm, LLC and Robert Fernandez, for appellants.

Reed Smith LLP, and Edward M. Mullins, Sujey Herrera, and Thayane Machin Martinez, for appellees.

Before FERNANDEZ, LINDSEY, and GOODEN, JJ.

LINDSEY, J.

Appellants,[1] respondents below, appeal four non-final orders opening an ancillary administration, appointing a curator, and letters of curatorship. These orders followed the trial court's denial of Appellants' motion to dismiss Appellees'[2] petition for ancillary administration of a Florida estate (the "Motion to Dismiss"). The dispositive issue on appeal is whether the trial court reversibly erred when it did not hold an evidentiary hearing on Appellants' ancillary subject matter jurisdiction challenge prior to the trial court opening the ancillary administration. We find that it did and reverse and remand with instructions.

## ANALYSIS

### A. Appellate Jurisdiction

We have jurisdiction because the challenged non-final orders determine "the right to immediate possession of property[.]" Fla. R. App. P. 9.130(a)(3)(C)(ii). When analyzing jurisdiction under Rule 9.130(a)(3)(C) we look "to the four corners of the challenged order, not to the arguments made

---

[1] Erisvanha Ramos De Souza ("Widow"), Isabele Oliveira Simoes, Jose Guilherme Souza Ferreira Oliveria, Jessica Almeida de Oliveira, and Thays Almeida de Oliveira, are the Spouse and the Children of the Decedent, Jose Ferreira de Oliveira ("Decedent") (collectively "Appellants").

[2] In Re: Estate of Jose Ferreira de Oliveira, Jean Bergson, Lacet De Oliveira Lacet Oliveira, and Jeany Kriss (collectively "Appellees").

in the underlying motion." Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020) (citation modified). Thus, Appellants' arguments that there are no Florida assets, which were made in the Motion to Dismiss, are outside of our jurisdictional analysis.

Instead, "we look only to the face of the trial court's order and we do not penetrate the record with a searchlight to divine whether the trial court's undisclosed rationale warrants appellate review." City of Sweetwater v. Pichardo, 314 So. 3d 540, 542 (Fla. 3d DCA 2020). The faces of the challenged orders contain language giving the curator authority to take possession of assets sufficient to trigger Rule 9.130(a)(3)(C)(ii). Particularly, the Post Hearing Order Appointing Curator provides:

> Curator of the Estate . . . shall have the full authority to . . . Marshall all of the assets of the Estate[,] . . . Perform any duty or function which a personal representative may be granted[,]" [and] "Perform with full authority the acts listed above; and shall, in all respects, do and perform all the duties as are by law and order of this Court required of a curator[.]

See also Initial Letter of Curatorship ("[A]nd all persons in possession of assets of the decedent are ordered and directed to deliver them to the Curator."); Corrected Letter of Curatorship (same); accord Gordin v. Estate of Maisel, 179 So. 3d 518, 519 (Fla. 4th DCA 2015) (finding Rule 9.130(a)(3)(C)(ii) jurisdiction where order granted curator "**full power of a**

3

***personal representative to administer the estate according to law, to collect and preserve the assets . . . and all persons in possession of assets of the Decedent and records of the Estate are ordered and directed to deliver them to [Curator][.]***").

Further, the Post Hearing Order on Ancillary Administration to Appoint Curator determines "the right to immediate possession of property" by ordering Appellant-Widow to deposit $50,000 to cover costs of the curator's investigations. Accord Greene v. Borsky, 961 So. 2d 1057, 1058 (Fla. 4th DCA 2007) ("This Court has previously held that a sum of money is property to which Rule 9.130(a)(3)(C)(ii) can apply."); see also Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 24:7, n.10 (2025 ed.) ("[O]rder determining the right to immediate possession of money is appealable under Rule 9.130(a)(3)(C)(ii). Money is a form of property.").

### B. Subject Matter Jurisdiction

Appellants argue the trial court's failure to hold an evidentiary hearing on subject matter jurisdiction to open an ancillary administration under section 734.102(1), Florida Statutes (2025), ***prior*** to ordering the ancillary administration and appointing the curator was a denial of due process that

constitutes reversible error.[3] We agree. See Scudder v. Scudder, 228 So. 3d 703, 706 (Fla. 2d DCA 2017) ("[D]enial of [appellant's] challenge to the circuit court's subject matter jurisdiction without affording the parties an evidentiary hearing was error that requires reversal."); Hirsch v. Hirsch, 136 So. 3d 622, 622 (Fla. 2d DCA 2013) ("Because it is unclear from the record whether the trial court had subject matter jurisdiction . . . , we reverse and remand on that issue[.]").[4] Accordingly, we reverse and remand the trial court's orders on appeal, with instructions to provide an evidentiary hearing on Appellants' Motion to Dismiss limited to the issue of subject matter jurisdiction.

Reversed and remanded with instructions.

---

[3] "Failure to provide a full evidentiary hearing on a subject-matter jurisdiction challenge can implicate due process." See Dorvil v. Atwell, 399 So. 3d 1207, 1210–11 (Fla. 3d DCA 2024).

[4] But we can go no further into the resolution of this jurisdictional quandary because "as an appellate court we cannot render the initial factual determinations that still need to be made." Tucker v. Ebadian, 338 So. 3d 384, 385 (Fla. 3d DCA 2022) (quotation omitted); Scudder, 228 So. 3d at 707 (citing Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006)) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact."). And because the issue of subject matter jurisdiction and Appellant's deprivation of procedural due process is dispositive, we need not address the other issues on appeal. See, e.g., Phagan ex rel. L.D.P. v. McDuffee, 296 So. 3d 957, 958 n.1 (Fla. 5th DCA 2020) ("Because the jurisdictional issue is dispositive and was properly raised at the hearing, we decline to address Appellant's remaining arguments.").